R. MICHAEL SHICKICH
Wyoming Bar # 6-3015
Law Offices of R. Michael Shickich, LLC
1204 E. 2nd Street
Casper, WY 82601
Telephone: 307.266.5297
Facsimile: 307.266.1261

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2017 JUN 22  AM 8: 19

STEPHAN HARRIS, CLERK
CASPER

JOSEPH A. FRIED
Georgia State Bar # 277251
R. SEAN McEVOY
Georgia State Bar # 490918
Fried Rogers Goldberg LLC
3560 Lenox Road, N.E. Ste. 1250
Atlanta, GA  30326-6247

*Counsel for the Plaintiff*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| MINDY R. CURRY, as Administrator of the Estate of Terry J. Curry, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>CYCLONE DRILLING, INC.; CYCLONE TRUCKING, INC.; and TYLER BUCHMAN,<br><br>    Defendants. | Civil Action No.17 CV  107 -J<br><br>JURY TRIAL DEMANDED |

---

### COMPLAINT FOR DAMAGES

COMES NOW MINDY R. CURRY, as Administrator of the Estate of Terry J. Curry,

deceased, and files this Complaint for Damages, showing this Honorable Court as follows:

1.

This is an action for wrongful death damages arising out of a motor vehicle collision involving

a tractor-trailer and motorcycle that occurred at approximately 4:19 a.m. on July 29, 2015.

CAS.1901

Receipt # ____paid____
Summons: _3_ issued
_____ not issued

## PARTIES, JURISDICTION, and VENUE

2.

MINDY R. CURRY is the Administrator of the Estate of Terry J. Curry. MINDY R. CURRY is a citizen of the State of Wisconsin and brings this claim on behalf of the Estate of Terry R. Curry, deceased.

3.

Defendant TYLER BUCHMAN ("BUCHMAN") is an individual who resides at 824 N. Fir Court, Gillette, Wyoming 82716. Mr. BUCHMAN can be served with process at that address.

Once served with process, Defendant BUCHMAN (or in the alternative process is accepted by its trial counsel) is subject to the jurisdiction and venue of this Court.

4.

Defendant CYCLONE DRILLING, INC. ("CYCLONE DRILLING") is a business entity organized and existing under the laws of the state of Wyoming. Its principal place of business is located at 5800 Mohan Road, Gillette, Campbell County, Wyoming 82718. Process can be served on its Registered Agent for Service of Process: J. Patrick Hladky, 5800 Mohan Road, Gillette, Wyoming 82718.

5.

Once its Registered Agent is served with process, Defendant (or in the alternative process is accepted by its trial counsel) CYCLONE DRILLING is subject to the jurisdiction and venue of this Court.

6.

Defendant CYCLONE TRUCKING, INC. ("CYCLONE TRUCKING") is a business entity organized and existing under the laws of the state of Wyoming. Its principal place of business is located at 5800 Mohan Road, Gillette, Campbell County, Wyoming 82718. Process can be served on its Registered Agent for Service of Process: J. Patrick Hladky, 5800 Mohan Road, Gillette, Wyoming 82718.

7.

Once its Registered Agent is served with process, (or in the alternative process is accepted by its trial counsel) Defendant CYCLONE TRUCKING is subject to the jurisdiction and venue of this Court.

8.

The amount in controversy in this action exceeds the sum of $75,000.00 exclusive of interest and costs.

9.

Because a diversity of citizenship between Plaintiff and Defendants exists and the amount in controversy in this action exceeds the sum of $75,000.00 exclusive of interest and costs, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

10.

Jurisdiction is proper with this Court.

11.

Venue is proper with this Court.

12.

Service of process upon Defendant CYCLONE DRILLING is proper.

13.

Personal jurisdiction as to Defendant CYCLONE DRILLING is proper.

14.

Service of process upon Defendant CYCLONE TRUCKING is proper.

15.

Personal jurisdiction as to Defendant CYCLONE TRUCKING is proper.

16.

Service of process upon Defendant BUCHMAN is proper.

17.

Personal jurisdiction as to Defendant BUCHMAN is proper.

## FACTS

18.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

19.

At all times material hereto, Defendant CYCLONE DRILLING was and continues to be an interstate motor carrier authorized to operate in the State of Wyoming for profit pursuant to one or more permits issued by the Interstate Commerce Commission or by the United States Department of Transportation or both.

20.

At all times material hereto, Defendant CYCLONE TRUCKING was and continues to employ drivers and mechanics who transport items and commodities developed by CYCLONE DRILLING.

21.

Upon information and belief, on the morning of July 29, 2015, Defendant BUCHMAN was an employee of Defendant CYCLONE TRUCKING.

22.

On the morning of July 29, 2015, Defendant BUCHMAN was operating a tractor-trailer owned by Defendant CYCLONE DRILLING in the course and scope of his employment with Defendant CYCLONE TRUCKING.

23.

In the alternate, on the morning of July 29, 2015, Defendant BUCHMAN was operating a tractor-trailer owned by Defendant CYCLONE DRILLING in the course and scope of his employment with Defendant CYCLONE DRILLING.

24.

On the morning of July 29, 2015, CYCLONE DRILLING and CYCLONE TRUCKING were engaged in a joint enterprise. This included, but is not limited, to the use of the CYCLONE DRILLING tractor-trailer involved in this matter and driven by CYCLONE TRUCKING employee, BUCHMAN.

25.

On the morning of July 29, 2015, while still dark and pre-dawn, Defendant BUCHMAN drove the Cyclone Drilling tractor–trailer into the Winland Car Wash located at 5886 S. Winland Road, Gillette, Wyoming situated at the corner of South Winland Road and Wyoming State Route 59, also known as South Douglas Highway (referred to herein as "Hwy 59").

26.

The Winland Car Wash has specific wash bays designed large enough to accommodate tractor-trailers (referred to herein as "truck wash bay(s)").

27.

The entry and exit point for the Winland Car Wash is located on South Winland Road.

28.

On the morning of July 29, 2015, Defendant BUCHMAN drove the Cyclone Drilling tractor–trailer into the Winland Car Wash using its designated entry point located on South Winland Road.

29.

Upon exiting the Winland Car Wash, Defendant BUCHMAN sought to head south or right onto Hwy 59.

30.

However, even though he should have used the designated exit located on South Winland Road (the very same designated approach he utilized to enter), Defendant BUCHMAN chose to take a short cut by intentionally driving over a grass and earthen median, a sidewalk, and a cement curb to enter onto Hwy 59.

31.

It was against the law for Defendant BUCHMAN to exit the Winland Car Wash by driving over a grass and earthen median, a sidewalk, and a cement curb to enter onto Hwy 59.

32.

Defendant BUCHMAN knew that it was against the law for Defendant BUCHMAN to exit the Winland Car Wash by driving over a grass and earthen median, a sidewalk, and a cement curb and onto Hwy 59 but intentionally chose to do so anyway.

33.

Defendant BUCHMAN's angle of entry onto Hwy 59 caused him to have restricted view of other traffic travelling south on Hwy 59.

34.

As Defendant BUCHMAN was crossing over the sidewalk in the early hours of darkness, the decedent, Terry J. Curry, was approaching, while lawfully riding his motorcycle southbound on Hwy 59.

35.

Despite being provided a designated exit from the Winland Car Wash to enter Hwy 59 safely, Defendant BUCHMAN made the conscious and intentional decision to enter Hwy 59 by leaving the roadway and crossing over a sidewalk and blocking the roadway in front of the decedent, Terry Curry's, motorcycle.

36.

The Defendants' tractor-trailer created an unexpected danger, blocked both southbound lanes and caused a collision with decedent, Terry J. Curry.

37.

As a result of the collision, Terry J. Curry suffered catastrophic and ultimately fatal injuries.

## CLAIMS

### Count I - Negligence of Buchman

38.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

39.

At all times material hereto, Defendant BUCHMAN was required to operate the tractor-trailer as a part of his profession.

40.

At all times material hereto, Defendant BUCHMAN was subject to Federal Motor Carrier Safety Regulations (hereinafter referred to as "FMCSRs") and/or those FMCSRs adopted by the State of Wyoming.

41.

At all times material hereto, Defendant BUCHMAN was subject to Wyoming traffic laws.

42.

At all times material hereto, Defendant BUCHMAN was required to exercise reasonable care when driving the tractor-trailer on and while entering public roadways.

43.

Defendant BUCHMAN failed to exercise reasonable care when Defendant BUCHMAN made the conscious and intentional decision to enter Hwy 59 by leaving the roadway and crossing over a sidewalk and blocking the roadway in front of the decedent, Terry Curry's, motorcycle.

44.

Defendant BUCHMAN was negligent in the operation of the tractor-trailer he was driving in at least the following ways:

(a)     Failing to maintain control of his vehicle;

(b)     Failing to yield the right of way;

(c)     Failing to keep a proper lookout for traffic;

(d)     Violating Wyoming Motor Vehicle Laws including:

      i.     Wyo. Stat §§ 31-5-223  (Entering roadway);

      ii.    § 31-5-236 (Careless driving); and

      iii.   § 31-5-120 (Driving upon sidewalks.

      iv.    § 31-5-506 (Emerging from private road)

      all of which constitute negligence per se

(e)     Failing to have a current and correct record of duty status and driving log;

(f)     Otherwise failing to act reasonably and prudently as a driver should under the circumstances.

45.

As a direct and proximate result of the negligence of Defendant BUCHMAN, the decedent, Terry J. Curry, sustained catastrophic and ultimately fatal injuries.

46.

As a direct and proximate result of the negligence of Defendant BUCHMAN, the Estate of Terry J. Curry has incurred and is entitled to recover special damages, including but not limited to medical expenses, funeral expenses, burial expenses, and other expenses, in an amount that will be proven at trial.

Page **9** of **17**

47.

As a direct and proximate cause of the negligence of Defendant BUCHMAN, Plaintiff is entitled to recover for the wrongful death of Terry Curry, including his family's loss of companionship, society and comfort; his family's loss of economic security caused by his death; and the loss of his earnings and benefits.

## Count II – Vicarious Liability of CYCLONE DRILLING, Inc.

## and CYCLONE TRUCKING, Inc.

48.

Plaintiff incorporates all previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

49.

At all times material hereto, Defendant BUCHMAN was an employee or agent of Defendant CYCLONE DRILLING.

50.

At all times material hereto, Defendant BUCHMAN was acting within the scope and course of his employment or agency with CYCLONE DRILLING.

51.

Defendant CYCLONE DRILLING is liable for the negligent actions and omissions of Defendant BUCHMAN, pursuant to the doctrine of *respondeat superior* and the rules of agency.

52.

At all times material hereto, Defendant BUCHMAN was an employee or agent of Defendant CYCLONE TRUCKING.

53.

At all times material hereto, Defendant BUCHMAN was acting within the scope and course of his employment or agency with CYCLONE TRUCKING.

54.

Defendant CYCLONE TRUCKING is liable for the negligent actions and omissions of Defendant BUCHMAN pursuant to the doctrine of *respondeat superior* and the rules of agency.

55.

CYCLONE TRUCKING and CYCLONE DRILLING were engaged in a joint activity/enterprise and jointly and severally share in liability.

## COUNT III – Negligence of CYCLONE DRILLING and/or CYCLONE TRUCKING

56.

In the exercise of reasonable care, Defendant CYCLONE DRILLING and/or CYCLONE TRUCKING had certain independent duties and responsibilities to properly train Defendant BUCHMAN, the duty to properly supervise Defendant BUCHMAN, the duty to properly inspect and maintain their vehicles, and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of their motor vehicles. On or about July 29, 2015, CYCLONE DRILLING and/or CYCLONE TRUCKING had and continue to have a history of systemic safety violations and managerial disregard for establishing safety procedures and standards. By way of example:

(a)     The FMCSA conducts and requires a Compliance Review when it determines a carrier has potential safety violations and compliance issues. CYCLONE DRILLING was forced to undergo compliance reviews on:

    i.   July 16, 2009;

    ii.   December 1, 2009;

    iii.   April 3, 2012;

    iv.   December 31, 2013; and

    v.   October 22, 2014.

(b)    On October 22, 2014, an onsite compliance review was conducted of CYCLONE DRILLING by the FMCSA because out of service violations at 77.7% and vehicle maintenance at 91.8%, were both many times in excess of the national safety levels.

(c)    On December 19, 2014 the FMCSA placed CYCLONE DRILLING on a CONDITIONAL rating indicating that the company did not have adequate safety management controls in place to ensure compliance with the safety fitness standards in 49 C.F.R. 385(a-k)

(d)    As a result of violations found in the on-site inspection of October 22, 2014, and a history of prior enforcement actions specifically, WY-2009-0036-USII62, CYCLONE DRILLING was assessed a fine of $98,100.00.

(e)    As of July 29, 2015, CYCLONE DRILLING remained on a CONDITIONAL rating.

(f)    As of May 31, 2017, CYCLONE DRILLING remains on a CONDITIONAL rating with the FMCSA.

57.

As an employer, Defendant CYCLONE DRILLING and/or CYCLONE TRUCKING were independently negligent in hiring, training, entrusting, supervising, and retaining Defendant BUCHMAN in connection with his operation of the vehicle and for otherwise failing to act as a reasonable and prudent company would under the same or similar circumstances. On or about July

29, 2015, CYCLONE DRILLING and/or CYCLONE TRUCKING continued to have a history of systemic safety violations and managerial disregard for establishing and enforcing safety procedures and standards. By way of example:

(a)     As of July 29, 2015, CYCLONE DRILLING had a "CONDITIONAL" rating pursuant to the U.S. Department of Transportation ("DOT").

(b)     As of July 29, 2015, the DOT had determined that CYCLONE DRILLING exceeded the acceptable hours of service threshold 77.7% of the time.

(c)     As of July 29, 2015, the DOT had determined CYCLONE DRILLING had no system to validate the accuracy of its Driver's Record of Duty status or to hold the driver accountable when a driver was in violation.

(d)     On the date of Terry Curry's death, BUCHMAN was cited with "Driver's Record of Duty status as Not Current" and in violation of Wyo. Stat. § 31-18-701.

(e)     BUCHMAN'S Driver Daily Log Book entries for July 21 – 29, 2015 are false and failed to comply with the requirements of FMCSA.

(f)     As of July 29, 2015, CYCLONE DRILLING had been cited for failure to require drivers to conduct Daily Vehicle Inspection Reports, and for failing to timely correct mechanical defects.

(g)     On September 12, 2014, the truck involved in the death of Terry Curry, Truck license plate A5046 had the following documented violations:

    i.   Tire-flat and/or Audible Air Leak;

    ii.  Driving Beyond 11 Hour Driving Limit in a 14 Hour Period;

    iii. Inoperative Turn Signal;

    iv.  Driving Beyond 14 hour Duty Period;

v.   Clamp or Roto Type Brake Out-of-Adjustment; and

vi.   Automatic Airbrake Adjustment System that Fails to Compensate for Wear.

(h)      In the ten months following the above violations, Truck A5046 driven by BUCHMAN, had not been properly corrected and on July 29, 2015, the truck had many of the same violations as well as new and additional violations.

i.   Inoperable Required Lamp;

ii.   No or Improper Load Securement (OOS);

iii.   Failing to Meet Minimum Tiedown Requirements;

iv.   Driver Record of Duty Status not Current;

v.   Record of Duty Status Violation (General/Form and Manner);

vi.   Clamp or Roto Type Brake Out-of-Adjustment; and

vii.   Automatic Airbrake Adjustment System that Fails to Compensate for Wear.

(i)      Defendants knew or should have known that this truck was unsafe, not road worthy, and not DOT compliant on the day of Mr. Curry's death.

58.

As a direct and proximate result of the negligence of Defendants, the decedent Terry J. Curry sustained catastrophic and ultimately fatal injuries.

59.

As a direct and proximate result of the negligence of Defendants, the Estate of Terry Curry has incurred and is entitled to recover special damages, including but not limited to medical expenses, funeral expenses, burial expenses, and other expenses, in an amount that will be proven at trial.

60.

As a direct and proximate cause of the negligence of Defendants, Plaintiff is entitled to recover for the wrongful death of Terry Curry, including his family's loss of companionship, society and comfort; and his family's loss of economic security caused by his death and the loss of his earnings and benefits.

## PUNITIVE DAMAGES

61.

Plaintiff repeats, re-alleges and incorporates the allegations of the preceding paragraphs of this Complaint as if each were fully set forth herein in their entirety.

62.

Each of Defendants' acts were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

63.

Defendant CYCLONE DRILLING and/or CYCLONE TRUCKING were reckless in their employment, supervision, and/or retention of their employee(s)/agent(s).

64.

Defendants' misconduct was willful and wanton and in reckless disregard of the consequences, and under the circumstances or conditions that a reasonable person would have known, or have reason to know that such conduct would, with a high degree of probability, result in harm to another. As a result of Defendants' beach of duties, Mr. Curry was killed and his family lost a father and husband.

65.

Upon information and belief, Defendant CYCLONE DRILLING and/or CYCLONE TRUCKING authorized and/or ratified the acts and omissions of its agents.

66.

Upon information and belief, there may be certain Defendant CYCLONE DRILLING and/or CYCLONE TRUCKING agent(s)/employee(s) who were employed in a managerial capacity and acting in the scope of this employment such that their acts or omissions resulted or contributed to the circumstances leading to Mr. Curry's death.

67.

The Defendants knew, or reasonably should have known, that their actions were, to a high degree of probability, likely to result in injury or death.

68.

The Defendants' conduct was an extreme departure from ordinary care and in a situation where a high degree of danger was apparent. A reasonable person would know, or have reason to know, that entering a state highway over a sidewalk, and in the dark had a high probability of danger to another.

69.

That the acts or omissions of Defendants were willful, wanton and/or reckless in nature and entitle Plaintiff to punitive damages in an amount to be proven at trial.

70.

Accordingly, Defendants are liable to Plaintiff for punitive damages to punish, penalize, and deter Defendants from similar conduct in the future.

**WHEREFORE,** Plaintiff prays that the following relief be granted:

(a)     A trial by jury;

(b)     For Summons and Complaint to issue against the Defendants;

(c)     For judgment against the Defendants, jointly and severally, in an amount to fully compensate the Estate for all special and general damages.

(d)     For judgment against the Defendants, jointly and severally, in an amount to compensate for all wrongful death damages permitted under law including the full value of the life of Terry J. Curry;

(e)     For all such other economic and non-economic loses as may be shown at the hearing of this matter to the full extent allowed under law;

(f)     That Plaintiff obtains judgment against the Defendants in an amount determined to be fair and reasonable in the minds of a fair and impartial jury;

(g)     Punitive damages be recovered in an amount the jury believes to be just, fair and equitable, given the facts and issues in this case;

(h)     Court costs, discretionary costs, and prejudgment interest; and

(i)     For all such further and general relief which this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a jury of six (6) for the trial of this matter.

Dated:  June 22, 2017.

R. MICHAEL SHICKICH
Law Offices of R. Michael Shickich, LLC
1204 E. 2nd Street
Casper, WY 82601

Page **17** of **17**