Scott P. Klosterman (# 6-3081)
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 No. Wolcott, Suite 400
P.O. Box 10700
Casper, Wyoming 82602
Telephone:    (307) 265-0700
Facsimile:    (307) 266-2306
E-mail:       sklosterman@wpdn.net

Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| MINDY R. CURRY, as Administrator of the Estate of Terry J. Curry, deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No.: 17-CV-107-J |
| CYCLONE DRILLING, INC.; CYCLONE TRUCKING, INC.; and TYLER BUCHMAN, | ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANTS' MOTION TO DISMISS DIRECT NEGLIGENCE CLAIMS AGAINST CYCLONE DRILLING, INC. AND CYCLONE TRUCKING, INC.

COME NOW Defendants Cyclone Drilling, Inc., Cyclone Trucking, Inc., and Tyler Buchman (hereinafter referred to collectively as "Defendants" or individually by name), by and through their attorney, Scott P. Klosterman of WILLIAMS, PORTER, DAY & NEVILLE, P.C., and pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure, hereby move the Court to dismiss Plaintiff's direct negligence claims against Cyclone Drilling, Inc. and Cyclone Trucking, Inc. In support of their motion, Defendants state as follows:

## I.    PRELIMINARY STATEMENT

On June 22, 2017, Plaintiff Mindy R. Curry, as the administrator of the Estate of Terry J. Curry, filed her *Complaint for Damages*, ECF No. 1 ("*Complaint*"), in the above-captioned matter.  Plaintiff's *Complaint* arises out of a motor vehicle accident involving her husband Terry J. Curry, who was driving a sport bike, and Tyler Buchman, an employee of Cyclone Trucking, Inc., who was driving a tractor-trailer owned by Cyclone Drilling, Inc.  The accident occurred at approximately 4:15 a.m. on July 29, 2015 on Wyoming Highway 59 in Gillette, Wyoming.  (*See Complaint*, ECF No. 1, ¶¶ 23, 25-37).  Plaintiff alleges that Tyler Buchman "drove the Cyclone Drilling tractor-trailer into the Winland Car Wash using its designated entry point located on South Winland Road." *Id.* at ¶ 28.  She further alleges that Mr. Buchman exited the Winland Car Wash "to head south or right onto Hwy 59" by choosing "to take a short cut by intentionally driving over a grass and earthen median, a sidewalk, and a cement curb to enter onto Hwy 59." *Id.* at ¶¶ 29-30.  Plaintiff also alleges "Defendants' tractor-trailer created an unexpected danger, blocked both southbound lanes and caused a collision with decedent, Terry J. Curry," which resulted in the death of Terry Curry.  *Id.* at ¶¶ 36-37.

In her *Complaint*, Plaintiff asserts the following claims: (1) a negligence claim against Tyler Buchman; (2) a vicarious liability claim against Cyclone Drilling, Inc. and/or Cyclone Trucking, Inc. for Tyler Buchman's alleged negligence under the doctrine of *respondeat superior*; and (3) direct negligence claims against Cyclone Drilling, Inc. and/or Cyclone Trucking, Inc. *Id.* at ¶¶ 38-60. Plaintiff's direct negligence claims against Cyclone Drilling, Inc. and/or Cyclone Trucking, Inc. state as follows: "**As an employer**, Defendant CYCLONE DRILLING and/or CYCLONE TRUCKING were <u>independently</u> negligent in hiring, training, entrusting, supervising, and retaining **Defendant BUCHMAN** in connection with his operation

of the vehicle and for otherwise failing to act as a reasonable and prudent company would under the same or similar circumstances." (*Complaint*, ECF No. 1, ¶ 57) (bold emphasis added). Plaintiff also seeks punitive damages against Cyclone Drilling, Inc. and Cyclone Trucking Inc. alleging in pertinent part: "Cyclone Drilling and/or Cyclone Trucking were reckless in their employment, supervision, and/or retention **of their employee(s)/agent(s)**." *Id.* at ¶ 63. (bold emphasis added).

Important to the direct negligence claims, Cyclone Trucking, Inc. has admitted that "on July 29, 2015, Tyler Buchman was an employee of Cyclone Trucking, Inc." (*Defendants' Answer*, ECF No. 8, ¶ 52). It has further admitted that "on July 29, 2015, Tyler Buchman was acting with the course and scope of his employment with Cyclone Trucking, Inc." *Id.* at ¶ 53. By admitting that Tyler Buchman was acting in the course and scope of his employment with Cyclone Trucking, Inc., Cyclone Trucking, Inc. concedes *respondeat superior* liability for any of his alleged negligence. Cyclone Trucking, Inc. will be strictly liable for 100% of Plaintiff's damages attributable to Tyler Buchman's negligent conduct. Given Cyclone Trucking, Inc.'s admission of vicarious liability for Plaintiff's damages, her direct negligence claims of hiring, training, entrusting, supervising, and retaining Mr. Buchman – likewise seeking to attach liability to Cyclone Trucking, Inc. – become duplicative, unnecessary and superfluous to Plaintiff's recovery. Accordingly, this Court should dismiss Plaintiff's direct negligence claims against Cyclone Trucking, Inc.

As quoted above, Plaintiff's direct negligence claims against Cyclone Drilling, Inc. and/or Cyclone Trucking, Inc. are based upon an employer relationship with Tyler Buchman. Here, Cyclone Drilling, Inc. has denied that Tyler Buchman was its employee or agent, and further denied that he was acting within the course and scope of any alleged employment or

agency with Cyclone Drilling, Inc. *Id.* at ¶¶ 49-50. Because Cyclone Drilling, Inc. was not Mr. Buchman's employer, there is no basis to support Plaintiff's direct negligence clams against Cyclone Drilling, Inc. and therefore should be dismissed.

## II.    STANDARD OF REVIEW

"A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). Rule 12(b)(6) provides for dismissal when a plaintiff's complaint fails to state a claim upon which relief can be granted. In reviewing a motion to dismiss under Rule 12(b)(6), this Court must accept as true "all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In order to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "plausibility standard" is not a probability requirement, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Accordingly, complaints that "offer[ ] labels and conclusions[,] a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement," will not survive a motion to dismiss. *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotations omitted).

In the Tenth Circuit, this "plausibility requirement" has been recognized as requiring the plaintiff's factual allegations to be enough that, if accepted as true, the plaintiff plausibly (not just speculatively) has a claim for relief. *See, Gee v. Pacheco*, 62 F.3d 1178, 1183-1184 (10th

Cir. 2010).  "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Okla. Ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008).  "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansa Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2010).

## III.   DISCUSSION

### A.   The Court should dismiss the direct negligence claims against Cyclone Trucking, Inc.

"Under the *respondeat superior* theory, an employer will be held liable for the negligence of an employee who is acting within the scope of employment."  *Hamilton v. Natrona Cnty. Educ. Ass'n.*, 901 P.2d 381, 385 (Wyo. 1995) (citing *Combined Ins. Co. of America v. Sinclair*, 584 P.2d 1034, 1042 (Wyo. 1978)).  *See also, Killian v. Caza Drilling, Inc.*, 2006 WY 42, ¶ 7, 131 P.3d 975, 978 (Wyo. 2006); *Romero v. Schulze*, 974 P.2d 959, 964 (Wyo. 1999). Here, Cyclone Trucking, Inc. admits vicarious liability for any negligence of its employee Tyler Buchman.  However, Plaintiff also alleges direct negligence claims against Cyclone Trucking, Inc. including negligent hiring, training, entrusting, supervising, and retaining Mr. Buchman.

Plaintiff's direct negligence claims effectively impute Tyler Buchman's negligent conduct to Cyclone Trucking, Inc. via vicarious liability.

> Vicarious liability or imputed negligence has been recognized under varying theories, including agency, negligent entrustment of a chattel to an incompetent, conspiracy, the family purpose doctrine, joint enterprise, and ownership liability statutes.  If all of the theories for attaching liability to one person for the negligence of another were recognized and all pleaded in one case where the imputation of negligence is admitted, the evidence laboriously submitted to establish other theories serves no real purpose.  The energy and time of courts and litigants is unnecessarily expended.

> In addition, potentially inflammatory evidence comes into the record which is irrelevant to any contested issue in the case. *Wise v. Fiberglass Systems, Inc.*, 718 P.2d at 1181-82, and *Willies v. Hill*, 159 S.E.2d at 158. Once vicarious liability for negligence is admitted under *respondeat superior*, the person to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed. The liability of the employer is fixed by the amounts of liability of the employee. *Helm v. Wismar*, 820 S.W.2d 495, 497 (Mo. Banc 1991). This is true regardless of the "percentage of fault" as between the party whose negligence directly caused the injury and the one whose liability for negligence is derivative.

*State ex rel. McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995).

Where an employer admits vicarious liability for its employee's negligence under the doctrine of *respondeat superior*, this Court has repeatedly held that it is improper to allow a plaintiff to proceed against the employer on direct negligence theories. *See*, *Salisbury v. JKC Trucking, Inc., et al*, 17-CV-88-SWS (Transcript of Oral Ruling, Oct. 17, 2017); *Van Campen v. Richers Trucking, et al*, 16-CV-229-SWS (Transcript of Oral Ruling, May 29, 2017); *Engel v. Falloon Trucking, et al*, 16-CV-302 (Transcript of Oral Ruling, Apr. 12, 2016); *Carty v. Scheepstra Trucking, et al*, 15-CV-65-SWS (Transcript of Oral Ruling 2015); *Sanchez v. Home Depot, Inc.*, 2014 WL 2986672, *3 (D.Wyo. July 2, 2014); *Estrada v. Bukaty, et al*, 14-CV-242-SWS (Transcript of Oral Ruling, June 28, 2014); *Cahalan v. May Trucking Co., et al*, 2012 WL 12915496, *3 (D.Wyo. June 27, 2012); *Dye v. Cooney's Farm Service*, 09-CV-32-J (D.Wyo. Sept. 28, 2010); *Wernke v. Powder River Coal, LLC*, 09-CV-132-D (D.Wyo. Feb. 20, 2009) (ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT at 3-4, wherein Judge Downes agreed that "[I]t is improper to allow a plaintiff to proceed against [an employer] on the independent negligence theories of negligent entrustment, and negligent hiring or training where the defendant has already admitted liability under the doctrine of *respondeat*

*superior*.")(citations omitted). A copy of the *Wernke* Order is attached hereto as **Exhibit "A"** and incorporated herein by reference.

This is the majority view adopted by numerous state supreme courts[1], intermediate appellate courts[2] and other federal district courts.[3]

The Wyoming Supreme Court indirectly addressed the issue of direct negligence claims asserted against an employer in *Beavis v. Campbell Cnty. Mem'l Hosp.*, 20 P.3d 508, 515-516 (Wyo. 2001). In *Beavis*, the plaintiff brought suit against a nurse for the allegedly negligent injection of allergy medicine. Plaintiff also brought suit against the nurse's supervising doctor and the hospital which employed them. The trial court bifurcated the claims against the nurse from those asserted against the supervising doctor and hospital. The jury found in favor of the defendant nurse, and judgment was entered in favor of the supervising doctor and hospital. On appeal, the Wyoming Supreme Court affirmed the entry of judgment in favor of the supervising doctor and hospital because any alleged breach in the doctor and hospital's duties to supervise or train the nurse "could not be the proximate cause of [the plaintiffs'] injuries unless the predicate negligence," of the nurse, was found. *Id.* at 516. In support of its holding the Court cited *DeWald* wherein it held that the State of Wyoming could not be held liable for the negligent hiring or training of patrolmen when "the conduct of the patrolman did not amount to negligence that caused the accident." *Id.* at 516 (quoting *DeWald v. State*, 719 P.2d 643, 652 (Wyo. 1986)).

---

[1] *Ferrer v. Okbamicael*, 390 P.3d 836, 841-842(Colo. 2017); *McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995); *Wise v. Fiberglass sys., Inc.*, 718 P.2d 1178, 1181-1182 (Idaho 1986); *Elrod v. G & R Const. Co.*, 628 S.W.2d 17, 19 (Ark. 1982); *Willis v. Hill*, 159 S.E.2d 145, 157 (Ga. App. 1967); *Armenta v. Churchill*, 267 P.2d 303, 309 (Cal. 1954); *Houlihan v. McCall*, 78 A.2d 661, 665 (Md. 1951).

[2] *Clooney v. Geeting*, 352 So.2d 1216, 1220 (Fla. Dist. Ct. App. 1977); *Bartja v. Nat'l Union Fire Ins. Co.*, 463 S.E.2d 358, 360-361 (Ga. App. 1995); *Gant v. L.U. Transp., Inc.*, 770 N.E.2d 1155, 1160 (Ill. App. 2002); *Rodgers v. McFarland*, 402 S.W.2d 208, 210 (Tex. App. 1966).

[3] *O'Donnell v. Sullivan*, 2010 WL 2585286, at *1-2 (D.Colo. June 23, 2010); *Oaks v. Wiley Sanders Truck Lines, Inc.*, 2008 WL 5459136, at *1-2 (E.D. Ky. Nov. 10, 2008); *Connelly v. H.O. Wolding, Inc.*, 2007 WL 679885, at *2-3 (W.D. Mo. Mar. 1, 2007); *Lee v. J.B. Hunt Transp., Inc.*, 308 F.Supp.2d 310, 315 (S.D.N.Y. 2004); *Scroggins v. Yellow Freight Sys., Inc.*, 98 F.Supp.2d 928, 931-932 (E.D. Tenn. 2000); *Hackett v. Wash. Metro Area Transit Auth.*, 736 F.Supp. 8, 10-11 (D.D.C. 1990).

The policy underlying the majority rule which precludes direct negligence claims against an employer who acknowledges it is vicariously liable for its employee's actions is based upon the belief that such claims become "unnecessary and irrelevant," where the "employer Defendant's liability would be the same under either a direct or vicarious cause of action." *See Wernke* ORDER (*quoting Scroggins v. Yellow Freight Sys., Inc.*, 98 F.Supp.2d 928, 932 (E.D. Tenn. 2000)). Judge Downes further stated that "[t]he reasons behind limiting plaintiffs' causes of action are many, including the risk that the proof of previous misconduct necessary to show training deficiencies might 'inflame the jury.'" *Id.; see also, State ex. rel. McHaffie*, 891 S.W.2d at 826 (stating "[i]f all of the theories for attaching liability to one person for the negligence of another recognized and pleaded in one case where the imputation of negligence is admitted, the evidence laboriously submitted to establish other theories serves no real purpose. . . In addition, potentially inflammatory evidence comes into the record which is irrelevant to any contested issue in the case"). Further, the majority view reasons that actions against employers for negligent training and supervision are essentially derivative of claims based on the employee's negligence.

> [A]n action against an employer for negligent training fails absent the critical elements required in every negligence action: duty, breach, cause and harm. For a plaintiff to be injured by an employer's negligent training, some harm must result from the employee's actions. Thus, the negligent training cause of action is dependent upon, or even derivative of, the employee's negligence. . . Where a defendant employer would already be entirely responsible for his employee's actions through respondeat superior liability, the additional employer negligence cause of action would be needlessly duplicative.

*See, Wernke* ORDER at 7.

Further, it is clear that when examined in context with Wyoming's comparative fault statute, separate direct negligence claims against an employer should not be allowed if the

employer has admitted it is vicariously liable for the actions of its employee.  The Wyoming

comparative fault statute bars recovery by claimants if the claimant's fault accounts for more

than fifty percent of the total fault of all relevant actors.  WYO. STAT. § 1-1-109(b).  The statute

also allows for the diminishment of damages awarded to a plaintiff in proportion to the amount

of fault attributed to him.  *Id.*  Judge Downes described his concern with allowing direct

negligence claims against an employer who has admitted vicarious liability, stating:

> The Court notes with some concern that if separate negligence
> claims against an employer are allowed in circumstances such as
> those presented by this case, they may well become a common
> litigation tactic utilized to overcome § 1-1-109's fifty percent bar
> by piling on additional claims.  If a plaintiff can simply allege
> additional, independent negligence in an employer's training or
> hiring, he may succeed in convincing a jury that his own relative
> fault is less than it actually is, thereby recovery where damages
> would otherwise be precluded.

*See, Wernke* ORDER at 7-8.  The risk of allowing a claimant to recover a windfall of damages by

adding additional claims is contrary to Wyoming's comparative fault statute and the principle

that the comparative fault of a vicariously liable employer should not exceed the actual liability

of the employee.  *See, State ex rel. McHaffie*, 891 S.W.S 2d at 826 (stating that "[t]he liability of

the employer is fixed by the amount of liability of the employee.  This is true regardless of the

'percentage of fault' as between the party whose negligence directly caused the injury and the

one whose liability for negligence is derivative").   This Court's adoption of the majority rule is

in accord with Wyoming's comparative fault statute.  "The objective of comparative fault is to

achieve an equitable allocation of loss.  That objective is not served by subjecting the employer

to a second share of fault in addition to that assigned to the employee and for which the employer

has accepted liability." *Armenta*, 267 P.2d at 303.

Where, as here, Cyclone Trucking, Inc. will be vicariously liable for Tyler Buchman's alleged negligence while acting in the course and scope of his employment, the additional causes of action for negligent hiring, training, entrustment, supervision, and retention are unnecessarily duplicative. The liability of Cyclone Trucking, Inc. is fixed by the amount of liability of Mr. Buchman because Cyclone Trucking, Inc. is liable for all fault attributed to Mr. Buchman, but only the fault attributed to Mr. Buchman as compared to other actors. In other words, whether or not Cyclone Trucking, Inc. is directly negligent should neither increase nor decrease its ultimate liability. If Tyler Buchman is found to have acted negligently, Cyclone Trucking, Inc. will be vicariously liable and accountable to Plaintiff for whatever damages Mr. Buchman's negligence caused.

In *Sanchez*, this Court noted there may be unique circumstances where direct negligence claims against an employer may be viable even when the employer would be vicariously liable under the doctrine of *respondeat superior*. 2014 WL 2986672, at *4. Namely, an exception to the above rule exists "whereby a plaintiff may bring a claim based on negligent hiring or retention along with its claims under respondeat superior when the plaintiff 'has a valid claim for punitive damages against employer based on its independent negligence in hiring or retaining the employee.'" *See, Frederick v. Swift Transp. Co.*, 616 F.3d 1074, 1081 (10th Cir. 2010). However, this exception does not apply to the facts and circumstances of this case.

Upon examination of Plaintiff's *Complaint*, Plaintiff alleges: (1) "Defendant . . . CYCLONE TRUCKING [was] reckless in [its] employment, supervision, and/or retention of [its] employee(s)/agent(s);" (2) "Defendant . . . CYCLONE TRUCKING authorized and/or ratified the acts and omissions of its agents;" and (3) "there may be certain Defendant . . . CYCLONE TRUCKING agent(s)/employee(s) who were employed in a managerial capacity and

acting in the scope of this employment such that their acts or omissions resulted or contributed to the circumstances leading to Mr. Curry's death." (*Complaint*, ECF No. 1, ¶¶ 63, 65 & 66).  The latter two allegations are elements of a Restatement (Second) of Torts § 909 claim for punitive damages against Cyclone Trucking, Inc. because of the act of employee Mr. Buchman. They are not allegations of independent punitive claims against Cyclone Trucking, Inc.  Thus, the only allegation relevant to evaluate the one exception mentioned above is the first allegation that Cyclone Trucking, Inc.'s actions in employing, supervising, and/or retaining Tyler Buchman rise to the level of willful and wanton misconduct.

In order for the exception to apply, Plaintiff must have a **valid claim** for punitive damages against Cyclone Trucking, Inc. based on its alleged **independent negligence in hiring, supervising and retention** of Mr. Buchman.  *Frederick*, 616 F.3d at 1081.  The problem for Plaintiff is that she fails to claim and asserts no allegations that Tyler Buchman was unfit or incompetent to operate the tractor trailer unit he was driving on July 29, 2015.  Plaintiff has failed to allege any facts which, if proved, would justify an award of punitive damages against Cyclone Trucking, Inc. for any independent negligence.

In Wyoming, it is well-settled that "[p]unitive damages are not a favorite of the law and are to be allowed with caution within narrow limits." *Sheridan Commercial Park, Inc. v. Briggs*, 848 P.2d 811, 818 (Wyo. 1993) (*quoting Weaver v. Mitchell*, 715 P.2d 1361, 1369-70 (Wyo. 1986)).  Punitive damages may only be imposed within narrow limits because "[p]unitive damages are not intended to compensate the plaintiff; instead, punitive damages are awarded to punish the defendant and deter others from such conduct in the future." *Alexander v. Meduna*, 2002 WY 83, ¶ 40, 47 P.3d 206 (Wyo. 2002).  The intention behind imposing punitive damages is "to publicly condemn some notorious action or inaction on the part of the defendant."

*Mayflower Rest. Co. v. Greigo.* 741 P.2d 1106, 1115 (Wyo. 1987) (*citing Sinclair Oil Corp. v. Columbia Cas. Co.*, 682 P.2d 975 (Wyo. 1984)); *Campen v. Stone*, 635 P.2d 1131 (Wyo. 1981).

Wyoming courts have emphasized that mere negligence, or even gross or culpable negligence, can never serve as the basis for punitive damages. *Danculovich v. Brown*, 593 P.2d 187, 192 (Wyo. 1984); *Campen,* 635 P.2d at 1131. The Wyoming Supreme Court stated that punitive damages "are not appropriate in circumstances involving inattention, inadvertence, thoughtlessness, mistake, or even gross negligence." *Danculovich*, 593 P.2d at 191; *Mayflower Rest. Co.*, 741 P.2d at 1115. Indeed, punitive damages "are to be awarded only for conduct involving some element of outrage, similar to that usually found in a crime." *Id.* In Wyoming, only "[o]utrageous conduct, malice and willful and wanton misconduct have been [found] sufficient to warrant punitive damages." *Sheridan Commercial Park*, 848 P.2d at 8181; *Alexander*, 2002 WY 83 at ¶ 41. The difference between ordinary negligence and 'willful and wanton' misconduct is not one of degree, but of type of misconduct. *Danculovich*, 593 P.2d at 193. "Willful and wanton misconduct, in the strictest sense, is not negligence, since it involves intent rather than inadvertence, and is positive rather than negative." *Id.*

A review of Wyoming case law demonstrates the Wyoming Supreme Court has limited the imposition of punitive damages to rare and egregious situations where a defendant acts with the intent, or near-intent, to harm another. *Cramer v. Powder River Coal, LLC*, 2009 WY 45, ¶ 17, 204 P.3d 974, 979 (Wyo. 2009) (stating punitive damages "are to be awarded only for conduct involving some element of outrage, similar to that usually found in crime...intentional torts, torts involving malice and torts involving willful and wanton misconduct"). This state of mind requirement differentiates ordinary negligence from willful and wanton misconduct, or even gross or culpable negligence. "The aggravating factor which distinguishes willful

misconduct from ordinary negligence is the actor's state of mind. In order to prove that an actor

has engaged in willful misconduct, one must demonstrate that he acted with a state of mind that

approaches the intent to do harm." *Id.* When there is no evidence the defendant acted 'willfully'

or with a 'state of mind that approaches the intent to do harm,' summary judgment is proper.

*Bryant*, 728 P.2d at 1136; *Calkins v. Boydston*, 796 P.2d 452, 456 (Wyo. 1990). This requisite

intent is "not an intent to cause the injury, but it is an intent to do an act, or an intent to not do an

act, in reckless disregard of the consequences, and under such circumstances and conditions that

a reasonable person would know, or have reason to know, that such conduct would, in a high

degree of probability, result in substantial harm to another." *Danculovich*, 593 P.2d at 193.

The plaintiff carries the burden of presenting admissible evidence of the defendant's state

of mind, and is not allowed to merely rely on allegations, pleadings, conclusory statements or

mere conjecture to support claims of willful and wanton misconduct. *Jones v. Schabron*, 2005

WY 65, ¶ 10, 113 P.3d 34, 38 (Wyo. 2005). A party's state of mind may be demonstrated by

showing an intent to do harm or the unreasonable disregard of a known risk with a high

probability of harm occurring. *Cramer*, 2009 WY 45 at ¶ 17. "Because the actor's state of mind

may be difficult to prove, courts allow a party to establish the existence of willful misconduct by

'demonstrating that an actor has intentionally committed an act of unreasonable character in

disregard of a known or obvious risk that is so great as to make it highly probable that harm will

follow." *Case v. Goss*, 776 P.2d 188, 191 (Wyo. 1989) *(citing Bryant*, 728 P.2d at 1136)).

Here, Plaintiff's direct negligence claims against Cyclone Trucking, Inc. do not provide

anything but conclusory assertions that Cyclone Trucking, Inc. was negligent in hiring, training,

entrusting, supervising, and retaining Tyler Buchman. (*See Complaint*, ECF No. 1, ¶¶ 56-60).

For example, Plaintiff asserts Cyclone Trucking, Inc. was 'independently' negligent in the

"hiring, training, entrusting, supervising, and retaining Defendant BUCHMAN in connection with his operation of the vehicle and for otherwise failing to act as a reasonable and prudent company would under the same or similar circumstances." *Id.* at ¶ 57. However, the various allegations in the subsections to ¶ 57 of the *Complaint* mention only Cyclone Drilling, Inc. not Cyclone Trucking, Inc. Moreover, none of the alleged actions therein rise to the level of willful and wanton misconduct.

Practically speaking, "it appears that it would be a very rare case where an employer's misconduct in hiring, training, retaining, or supervising its employees or in entrusting a vehicle to an employee is so egregious that the conduct could support a punitive damages award." Richard Mincer, *The Viability of Direct Negligence Claims Against Motor Carriers in the Face of an Admission of Respondeat Superior*, 10 WYO.L.REV. 229, 261 (2010). Why? First, "punitive damages can only be awarded for the misconduct that actually caused the harm." *Id.* Second:

> It is simply counterintuitive to assert that a motor carrier is going to willfully and wantonly send an untrained driver out on the road in expensive equipment if the motor carrier believes there is a high likelihood that the driver will be involved in an accident. Unless a motor carrier acted with conscious disregard of its own rights, it cannot be said it acted the same with respect to the rights of others. At least with respect to cases arising out of motor vehicle accidents, it seems that direct negligence typically will not support a punitive damages award.

*Id.*

In order to survive a motion to dismiss, a complaint must contain enough facts to state a claim for relief that is plausible on its face. By merely alleging a punitive damage claim against Cyclone Trucking, Inc., Plaintiff does not subsume the majority rule:

> . . . Just as it is dangerous to have a hard and fast rule that all direct negligence claims should be dismissed in the face of an admission

of vicarious liability, **it is equally dangerous to adhere to an inflexible rule that when a plaintiff asserts a claim for punitive damages, the direct negligence claims must necessarily survive summary dismissal.**

To the contrary, for the very reasons that majority courts dismiss direct negligence claims in the first place, these courts should make sure to closely scrutinize punitive damage claims so that artful pleading does not subsume the rule. **Plaintiffs should not be able to inject prejudicial evidence into a proceeding simply by adding a paragraph to a Complaint.**

*Id.* at 263 (emphasis added). Upon close scrutiny of Plaintiff's *Complaint*, it is evident that Plaintiff's claim for punitive damages against Cyclone Trucking, Inc. is merely an attempt to – through a conclusory assertion – circumspect the majority rule. The Court should not allow Plaintiff to sidestep the majority rule by alleging a conclusory claim for punitive damages. This is not a punitive damages case. Thus, the Court should dismiss Plaintiff's direct negligence claims against Cyclone Trucking, Inc. Furthermore, dismissal of Plaintiff's direct negligence claims against Cyclone Trucking Inc. will preclude Plaintiff from engaging in a lengthy and costly discovery process concerning such claims that is not proportional to the needs of this case. The Federal Rules of Civil Procedure do not allow for discovery that is not proportional to the needs of this case. *See,* FED. R. CIV. P. 26(b)(1). Allowing Plaintiff's direct negligence claims against Cyclone Trucking, Inc. to go forward would result in a fishing expedition by Plaintiff that is not proportional to the needs of this case especially since Cyclone Trucking, Inc. has admitted Tyler Buchman was its employee and was acting in the course and scope of his employment at the time of the accident.

**B.    The Court should dismiss the direct negligence claims against Cyclone Drilling, Inc.**

In her *Complaint*, Plaintiff brings the exact same claims against Cyclone Drilling, Inc. as it did against Cyclone Trucking, Inc. She alleges that Cyclone Drilling, Inc. "**[a]s an employer**"

was "independently negligent in hiring, training, entrusting, supervising, and retaining **Defendant BUCHMAN** in connection with his operation of the vehicle and for otherwise failing to act as a reasonable and prudent company would under the same or similar circumstances." (*Complaint*, ECF No. 1, ¶ 57) (bold emphasis added). This allegation has a significant problem with it for Plaintiff. What is the problem with this allegation? Tyler Buchman was <u>not an employee</u> of Cyclone Drilling, Inc.

In paragraph 21 of her *Complaint*, Plaintiff asserts that "on the morning of July 29, 2015, Defendant BUCHMAN was an employee of CYCLONE TRUCKING." *Id.* at ¶ 21. In their answer, Defendants admitted "Tyler Buchman was an employee of Cyclone Trucking, Inc. on July 29, 2015." (*Defendants' Answer*, ECF No. 8, ¶ 21). Thus, Plaintiff is well aware of the fact that Tyler Buchman was not an employee of Cyclone Drilling, Inc.

In reviewing the *Complaint* it is apparent that Plaintiff is seeking to include Cyclone Drilling, Inc. to simply confuse the issues in this matter and to inflame the jury by making accusations regarding Cyclone Drilling, Inc.'s alleged deficient motor carrier history. (*See e.g.*, *Complaint*, ECF No. 1, ¶ 56). These allegations regarding Cyclone Drilling, Inc.'s motor carrier history are irrelevant to this matter for a number of reasons. As it relates to the motion at hand, they are irrelevant because Tyler Buchman was not an employee of Cyclone Drilling, Inc. and Cyclone Trucking, Inc. has admitted Mr. Buchman was acting in the course and scope of his employment with Cyclone Trucking, Inc. at the time of the accident. (*See Defendants' Answer*, ECF No. 8, ¶¶ 21, 52-53).

Cyclone Drilling, Inc. did not hire, train, entrust, supervise, or retain Tyler Buchman as he was not its employee. Cyclone Trucking, Inc. has admitted that Tyler Buchman was its employee who was acting within the course and scope of his employment at the time of the July

29, 2015 accident. Therefore, Plaintiff's direct negligence claims are not viable against Cyclone Drilling, Inc. and should be dismissed.

## IV. CONCLUSION

The Court should dismiss Plaintiff's direct negligence claims against both Cyclone Trucking, Inc. and Cyclone Drilling, Inc. In Wyoming, theories of negligent hiring, training, entrustment, supervision, and retention are predicated upon, and entirely derivative of, the employee's negligence. Since Defendant Cyclone Trucking, Inc. has admitted it is vicariously liable for the actions of Mr. Buchman, allowing these direct negligence claims to go forward will confuse and inflame the jury and invite error into the proceedings. Additionally, dismissal of the direct negligence claims is warranted to avoid a lengthy and costly discovery process that is not proportional to the needs of this case.

Because of Cyclone Trucking, Inc.'s admissions, Plaintiff's direct negligence claims against Cyclone Trucking, Inc. and Cyclone Drilling, Inc. are superfluous. The Court should therefore dismiss these claims at the onset of this matter.

WHEREFORE, Defendants Cyclone Drilling, Inc., Cyclone Trucking, Inc., and Tyler Buchman respectfully request that the Court dismiss Plaintiff's direct negligence claims against Cyclone Drilling, Inc. and Cyclone Trucking, Inc.

DATED this 29th day of November 2017.

CYCLONE DRILLING, INC.,
CYCLONE TRUCKING, INC., and
TYLER BUCHMAN, Defendants


/s/ Scott P. Klosterman
Scott P. Klosterman (#6-3081)
WILLIAMS, PORTER, DAY & NEVILLE, P.C.
159 North Wolcott, Suite 400
P.O. Box 10700
Casper, WY 82602-3902
Telephone:     (307) 265-0700
Facsimile:     (307) 266-2306
E-Mail:        sklosterman@wpdn.net

Attorney for Defendants


## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing documents was delivered to the Court via the CM/ECF System and served upon counsel via CM/ECF electronic transmission this 29th day of November 2017:

| | |
|---|---|
| R. Michael Shickich | ☒ CM/ECF Electronic Transmission |
| LAW OFFICE OF R. MICHAEL SHICKICH, LLC | ☐ U.S. Mail (Postage Prepaid) |
| 1204 East 2nd Street | ☐ Fax |
| Casper, WY82601 | ☐ Overnight Delivery |
| | ☐ Hand Delivery |
| | ☐ Email |
| | |
| Joseph A. Fried | ☒ CM/ECF Electronic Transmission |
| R. Sean McEvoy | ☐ U.S. Mail (Postage Prepaid) |
| FRIED, ROGERS, GOLDBERG, LLC | ☐ Fax |
| 3560 Lenox Road, N.E., Ste. 1250 | ☐ Overnight Delivery |
| Atlanta, GA 30326-6247 | ☐ Hand Delivery |
| | ☐ Email |


/s/ Scott P. Klosterman
Scott P. Klosterman